# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WALTER ROSS, | ) |
|        Petitioner, | ) ) ) |
| vs. | ) ) Case No. 14-0778-CV-W-ODS-P |
| JAY CASSADY, | ) ) ) |
|        Respondent. | ) |

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Walter Ross, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 29, 2014, seeking to challenge his 2008 convictions and sentences for robbery in the first degree, armed criminal action, unlawful use of a weapon, and possession of a controlled substance, which were entered in the Circuit Court of Nodaway County, Missouri.

Petitioner asserts three (3) grounds for relief: (1) the trial court erred in failing to grant petitioner's motion for acquittal at the close of evidence because there was insufficient evidence to show that petitioner possessed a controlled substance; (2) the trial court erred in limiting petitioner's cross-examination of Ashley regarding her attempted suicide; and (3) ineffective assistance of counsel for failing to make an adequate offer of proof. Doc. No. 1. Respondent contends that Grounds 1 and 3 are without merit and that Ground 2 is procedurally barred. Doc. No. 22.

### FACTUAL BACKGROUND

On direct appeal, the Missouri Court of Appeals summarized the facts of the case:

> In the light most favorable to the verdict, the evidence was that on November 7, 2007, [petitioner] and Chasity Carter entered the Dollar General store

in Mound City, Missouri. [Petitioner] purchased a pack of gum with Carter standing about a foot behind him at the cash register. At the conclusion of that transaction, [petitioner] pointed a gun at the clerk and said, "Give me the money." The clerk had trouble opening the cash register, so the manager came to her assistance. The manager saw the gun, opened the cash register, and gave [petitioner] the money. [Petitioner] and Carter left the store and ran toward an alley, which led to the street behind the store. Waiting on the street was a red Jeep Cherokee, license number 424 SJK, operated by Kimoni Russell and also containing [petitioner]'s niece, Ashley Ross. [Petitioner] and Carter ran to the car, entered, and left the scene.

      A full description of [petitioner] and the Jeep, including the license number, was provided to police by witnesses. Twenty five minutes after the robbery, Missouri State Highway Patrol Trooper Adam Rice spotted the red Jeep with license number 424 SJK. At that time, it was traveling north on I-29 while he was traveling southbound on the same highway. Trooper Rice activated his lights and sirens and made a U-turn in the median to pursue the Jeep. The Jeep travelled approximately another mile before it finally stopped.

      After the Jeep was spotted by the trooper but, before they stopped, [petitioner] threw the gun used in the robbery out of the vehicle. [Petitioner] also gave Ashley Ross a baggie containing Ecstasy pills. He told her, "Stuff the pills before we all go to jail." She obliged by hiding the baggie of drugs in her vagina. Eventually, all of the occupants of the car were arrested.

      After a jury trial, [petitioner] was convicted and sentenced on four counts. He received sentences of twenty years for robbery and ten years for armed criminal action to be served consecutively. He also was sentenced to four years for unlawful use of a weapon and two years for possession of a controlled substance, with those sentences to be served concurrently with each other and with the other sentences.

Respondent's Exhibit E, pp. 1-2.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are

erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND 1**

In Ground 1, petitioner contends that the trial court erred in failing to grant his motion for judgment of acquittal because the evidence was insufficient to show that petitioner possessed a controlled substance. Doc. No. 1, p. 5. Specifically, petitioner claims that the pills actually belonged to Kimoni Russell and that petitioner only momentarily touched the pills when he tossed them to Ashley. Doc. No. 15, pp. 5, 9-12.

A federal habeas court may not overturn a state court decision regarding a sufficiency of the evidence challenge simply because it disagrees with the state court; a federal court may only overturn the decision if it was "objectively unreasonable." Cavazos v. Smith, 132 S. Ct. 2, 3 (2011). The Missouri Court of Appeals, Western District, denied petitioner's claim as follows:

> In the case at bar, the State produced direct evidence of [petitioner]'s actual possession of the baggie of Ecstasy pills. At trial, Ashley Ross acknowledged that she had given the police a written statement, stating that her uncle handed her the pills. She testified at trial that her uncle told her, "Stuff the pills before we all go to jail." This evidence of actual possession, however fleeting, taken together with his statement is decisive, if not dispositive, to [petitioner]'s point because [petitioner] is exercising control over the drugs. Section 195.202.1, RSMo 2000, specifies that "it is unlawful for any person to possess or have under his control a controlled substance." Section 195.010(34), RSMo Cum. Supp. 2008, declares that, to possess a controlled substance, a person must have knowledge of the presence and

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

nature of the substance and have actual or constructive possession of it. The statute provides, "A person has actual possession if he has the substance on his person or within easy reach and convenient control." Thus, an exercise of control over the drugs is relevant to a determination of possession of the drugs. If that exercise of control is also an attempt to hide or dispose of the drugs before detection, it may also demonstrate knowledge that possession was unlawful, inferring knowledge of the nature of the drugs. Here [petitioner]'s conduct and statement is both.

. . . .

In the case at bar, [petitioner] does not contend that he did not know the contents of the baggie, so we only concern ourselves with the sufficiency of the evidence of possession. As stated above, Ashley Ross acknowledged that she had given a statement to the police that [petitioner] handed her the drugs; thus, [petitioner] had actual possession. [Petitioner] argues that that is somehow insufficient because his possession was so transitory. We find relying on [State v. Webster, 754 S.W.2d 12 (Mo. App. 1988)], [State v. Camerer, 29 S.W.3d 422 (Mo. App. 2000)], [State v. McLane, 136 S.W.3d 170 (Mo. App. 2004)], and [State v. Belton, 108 S.W.3d 171 (Mo. App. 2003)], supra at pp. 4-6, that his possession, although fleeting, when coupled with his statement to his niece to conceal the drugs before they were detected, is sufficient evidence for a reasonable juror to find beyond a reasonable doubt that [petitioner] had actual possession of the baggie of Ecstasy. The only distinctions that can be drawn between the cited cases and the case at bar is that the witnesses in the cited cases were police officers, while here the witness was [petitioner]'s niece, a passenger in the car, and that, instead of throwing the drugs from the car, [petitioner] directed his niece to conceal them to avoid detection. These distinctions are of no consequence. Point I is denied.

Respondent's Exhibit E, pp. 3-6 (internal footnotes omitted).

The Missouri Court of Appeals' resolution of petitioner's claim was not based on an unreasonable determination of the facts or on a misapplication of federal constitutional law. See 28 U.S.C. 2254(d)(1) and (2); Jackson v. Virginia, 443 U.S. 307, 319 (1979) (constitutional standard for judging sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). "In applying this standard, '[t]he scope of our review for a collateral challenge to the sufficiency of the state's evidence is extremely limited . . . We must

presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and we must defer to that conclusion.'" *Sexton v. Kemna*, 278 F.3d 808, 814 (8th Cir. 2002) (citing *Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994)), *cert. denied*, 537 U.S. 886 (2002).

Here, the Missouri Court of Appeals held that, under Missouri law, the element of possession only requires that a defendant have momentary possession of a controlled substance. Resp. Ex. E, p. 6. This Court defers to the Missouri Court of Appeals on the proper interpretation of state law. Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994) (habeas court not authorized to re-examine state court's determination of state law). Because the appellate court's ruling did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"[2] or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," see U.S.C. § 2254(d)(1) and (2), Ground 1 will be denied.

## GROUND 2

In Ground 2, petitioner contends that the trial court erred by overruling his objection to the State's cross-examination of petitioner about pornography found in his house. Doc. No. 1, p. 8. Respondent contends that Ground 2 is procedurally barred because petitioner failed to make an adequate offer of proof. Doc. No. 22, pp. 11-12. In reviewing petitioner's Ground 2, the Missouri Court of Appeals, Western District, stated:

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

> "If an objection to the proffered evidence is sustained, the proponent must then make an offer of proof in order to preserve the record for appeal and to allow the trial court to consider further the claim of admissibility." State v. Yole, 136 S.W.3d 175, 178 (Mo. App. 2004). An offer of proof must demonstrate three things: "(1) what the evidence will be; (2) the purpose and object of the evidence; and (3) each fact essential to establishing the admissibility of the evidence." State v. Hirt, 16 S.W.3d 628, 633 (Mo. App. 2000). An offer of proof fulfills two objectives:
>
>> (1) it "preserve[s] the record for appeal so the appellate court understands the scope and effect of the questions and proposed answers in considering whether the trial judge's ruling was proper," and (2) it allows "the trial judge to further consider the claim of admissibility" after having ruled the evidence inadmissible[.]
>
> State v. Bouser, 17 S.W.3d 130, 141 (Mo. App. 1999) (quoting Evans v. Wal-Mart Stores, Inc., 976 S.W.2d 582, 584 (Mo. App. 1998)).
>
> Here, [petitioner] quite rightly did not rely on a summary of anticipated testimony but had the witness take the stand and answer specific questions under oath. However, after [petitioner] elicited the proffered testimony, he did not address the offer further. He made no attempt to explain to the circuit court the purpose and object of the proffered testimony or attempt to address the admissibility of the proffered testimony. The immediate goal of the offer of proof is to educate the trial judge as to the admissibility of the proffered testimony. Merely identifying the testimony is insufficient. [Petitioner] failed to show the purpose and object of the proffered evidence and failed to advance any argument as to the relevancy and admissibility of that testimony. Therefore, [petitioner] failed to present a proper offer of proof and has not preserved this matter for appellate review.

Respondent's Exhibit E, pp. 7-8 (internal footnotes omitted).

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "If a petitioner fails to

exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Sloan, 54 F.3d at 1381.

Petitioner failed to make an adequate offer of proof of Ground 2, and the state appellate court, therefore, declined to review it. As such, Ground 2 is procedurally defaulted. Lee v. Kemna, 534 U.S. 362, 375-76 (2002) (recognizing that the requirement of an adequate offer of proof is an independent and adequate state procedural ground that bars federal habeas review of a claim).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner fails to assert cause for his procedural default, and fails also to show that a fundamental miscarriage of justice will result if his defaulted claim is not considered.

To the extent that petitioner is asserting ineffective assistance of trial counsel as cause to excuse his procedural default (Ground 3), "[i]n order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation." Evans v. Luebbers, 371 F.3d 438, 445 (8th Cir. 2004) (citing Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). Because this Court finds that petitioner's Ground 3 fails to state a claim for ineffective assistance of counsel, and because petitioner fails to assert any alternate cause to excuse his default, Ground 2 will be denied.

### GROUND 3

In Ground 3, petitioner contends that he received ineffective assistance of counsel because

counsel failed to make an adequate offer of proof. Doc. No. 1, p. 15. Specifically, he contends that if his trial counsel had made a proper and complete offer of proof regarding the admissibility and relevancy of Ashley Ross's suicide attempt, then there is a reasonable probability that the circuit court would have allowed the testimony and the result of the trial would have been different. Def. Ex. J, p. 2.

In order for petitioner to successfully assert a claim for ineffective assistance of counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This Court may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

The Missouri Court of Appeals, Western District, found that the motion court's judgment was supported by the record:

> Although this Court found in [petitioner]'s direct appeal that [petitioner]'s trial counsel failed to present a proper offer of proof regarding the purpose and object of Ashley Ross's testimony concerning her suicide attempt, and, therefore, did not preserve the issue for appellate review, such a conclusion does not prove

that counsel was ineffective. See State v. Ross, 292 S.W.3d 521, 526 (Mo. App. 2006). Counsel's failure to preserve an issue on appeal is not a cognizable ground for granting post-conviction relief on a claim of ineffective assistance of counsel. Dickerson v. State, 269 S.W.3d 889, 893 n3 (Mo. banc 2008). To prevail on a claim of ineffectiveness, [petitioner] must show that counsel's failure denied him a fair trial. Id. In [petitioner]'s direct appeal, we noted that the attempted offer of proof regarding Ashley Ross's suicide attempt was made after [petitioner] had already cross-examined and recross-examined her and that the suicide attempt information "could and should have been covered in his cross-examination or his recross-examination of the witness." Ross, 292 S.W.3d at 527. Under the factual circumstances, we concluded that "this new area of inquiry was beyond the scope of the witness's previous direct and cross-examination" and the "circuit court was well within its discretion to disallow any further inquiry of the witness." Id. Although we note that counsel indicated to the court at the time counsel attempted to introduce the information that counsel had just learned the information, given our previous conclusion, the proper inquiry here is whether counsel's failure to cross-examine Ashley Ross regarding her suicide attempt constituted deficient performance and, if so, whether Ross was prejudiced thereby. While the result here is inevitably the same, the distinction tailors the focus of our inquiry.

. . . .

First, "a simple failure to impeach a witness does not warrant post-conviction relief." Midgyett v. State, 392 S.W.3d 8, 18 (Mo. App. 2012) (internal quotation and citation omitted). "Movant must show that had the witness been impeached, it would have provided him with a defense or changed the outcome of the trial." Id. While we recognize that Ashley Ross's testimony was impeached in other areas, as [petitioner] contends that the suicide evidence by itself would have changed the result of his trial, we focus on whether this specific evidence would have, in fact, done so or provided [petitioner] with a defense at trial. We find that Ross fails to prove either.

Although counsel failed to explain the object and purpose of Ashley Ross's proposed testimony or address its admissibility in counsel's attempted offer of proof, thereby failing to preserve it for review, counsel did have Ashley Ross testify as to what her testimony would be with regard to the suicide attempt. The record indicates that she stated that approximately one week after being placed in jail, she "was shocked from being in jail," was "scared," and drank a bottle of cough syrup in an attempt to commit suicide. She stated that she had received no mental health counseling prior to that attempt, and received none after. This is the extent of the evidence that [petitioner] claims counsel's failure to introduce prejudiced him by. Ashley Ross was very clear that her suicide attempt was precipitated by shock from her being in jail. [Petitioner] argues that this suggests that Ashley Ross had a motive to testify against [petitioner] and implicate [petitioner] – so that she could

get out of jail.

It appears from the record that the most damaging evidence at trial that came from Ashley Ross was the statement she made to police the very day of the Dollar General Store robbery. It was in that statement that she told police that [petitioner] gave her the drugs and told her to hide them. As these damaging statements were made contemporaneous with her arrest and prior to any significant jail time, if any jail time at all at that point, the record does not support an inference that shock from jail gave Ashley Ross the motivation to falsify statements "to procure a deal that guaranteed her probation." Ashley Ross's initial trial testimony did not implicate [petitioner] at all. At trial, Ashley Ross testified that the pills did not belong to [petitioner], that they belonged to Kimoni Russell, that Kimoni Russell had the pills in his pocket and ultimately threw them into the back seat. Ashley Ross testified that [petitioner] never had the pills in his hands. It was only after Ashley Ross was impeached by the State with her previous statement to police that she admitted that she had previously stated to police that [petitioner] handed her the drugs. [Petitioner] admits in his brief on appeal that the State had to impeach Ashley Ross's trial testimony with these prior inconsistent statements in order to connect [petitioner] to the drugs. Thus, as the most damaging statements made by Ashley Ross were made contemporaneous with her arrest, the record does not support an inference that shock from being in jail influenced these statements, much less prove the bias that [petitioner] alleges.

. . . .

Therefore, given the record, we cannot conclude that counsel failed to exercise the skill and diligence of a reasonably competent attorney by failing to cross-examine Ashley Ross regarding her attempted suicide or enter a proper offer of proof regarding the proposed evidence and, even if counsel did, there is no reasonable probability that the evidence would have aided [petitioner]s defense and changed the result of his proceeding. Point denied.

Respondent's Exhibit J, pp. 6-10 (internal footnotes omitted).

The decision of the Missouri Court of Appeals is reasonable and therefore is entitled to deference under § 2254(d). The determination that trial counsel's performance did not amount to ineffective assistance of counsel was not "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding," see 28 U.S.C. §2254(d)(1) and (2). As such, the state court's decision is entitled to deference and Ground 3 will be denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) a certificate of appealability is denied.

/s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: May 1, 2015.